Honorable Jay Rodne State Representative, 5th District P. O. Box 40600 Olympia, WA 98504-0600
Dear Representative Rodne:
By letter previously acknowledged, you advised us of a proposal by three cities and two fire districts to enter into an interlocal agreement under RCW 39.34.030(2) and form a nonprofit corporation. The nonprofit corporation would be formed pursuant to RCW 24.03 or RCW 24.06, and the membership would be limited to the participating public agencies. With respect to such a nonprofit, you have asked for our opinion on a question we paraphrase as follows:
 Does a nonprofit corporation formed under RCW 24.03 or RCW 24.06, for purposes of RCW 39.34, qualify to serve as the "employer" for purposes of:
 [original page 2] (1) RCW 41.26, relating to the Law Enforcement Officers' and Fire Fighters' Retirement System (LEOFF) Plans 1 and 2;
 (2) RCW 41.40, relating to the Washington Public Employees' Retirement System (PERS) Plans 1, 2 and 3; and
 (3) RCW 41.24, relating to the Volunteer Fire Fighters' and Reserve Officers' Relief and Pensions Plan?
BRIEF ANSWER
Cities and fire districts can qualify as "employers" under each of the retirement systems identified in your question. A nonprofit corporation formed by qualifying employers also would qualify as an "employer" under the retirement systems identified in your question, if the agreement creating the nonprofit corporation delegates to the nonprofit, the retirement system obligations of the employers that form it. The nonprofit corporation must timely and fully satisfy those obligations. To the extent that either of these requirements is not satisfied, the cities and fire districts forming the nonprofit corporation would remain liable to fulfill the employers' obligations under the relevant retirement system.
ANALYSIS
The Interlocal Cooperation Act enables two or more public agencies to enter agreements with each other for joint action. RCW 39.34.030(2). Cities and fire districts both come within the scope of the term "public agency" for the purposes of the Interlocal Cooperation Act. RCW 39.34.020.
Under the Interlocal Cooperation Act, public agencies can pursue joint or cooperative action by creating a nonprofit corporation organized pursuant to RCW 24.03 or RCW 24.06. RCW 39.34.030(3)(b). The membership of the nonprofit corporation is strictly limited to the participating public agencies. Id. In creating the nonprofit corporation, the public agencies must specify "the powers delegated thereto." Id.
Entering an interlocal cooperation agreement and forming a nonprofit corporation does not enable public agencies to avoid their legal obligations and responsibilities. RCW 39.34.030(5) states:
 No agreement made pursuant to this chapter relieves any public agency of any obligation or responsibility imposed upon it by law except that:
 (a) To the extent of actual and timely performance thereof by a joint board or other legal or administrative entity created by an agreement made hereunder, the performance may be offered in satisfaction of the obligation or responsibility[.]
[original page 3] The application of this provision to a public agency's relationship with its employees was addressed by the Court of Appeals in Western Washington University v. Washington Federation of State Employees, 58 Wn. App. 433, 793 P.2d 989 (1990). The Court considered the effect of a proposed interlocal agreement between Western Washington University and the city of Bellingham for the provision of police officers. Under the agreement, the city was required to provide police services to the university, and the university was to abolish its campus police force. The university contended it would not be required to comply with the lay-off procedures set forth in the Higher Education Personnel Law, because the police officers would be laid off as part of the university's participation in an interlocal cooperation agreement. In rejecting this argument, the Court of Appeals held that under the plain language of RCW 39.34.030(5), "the University's power to enter into interlocal cooperation agreements is expressly subject to the University's obligations and responsibilities under the State Higher Education Personnel Law." Id. at 440.
In a more recent case, the Court of Appeals explained that an entity created pursuant to an interlocal cooperation agreement acts as the agent of the parties to the agreement. Harvey v. Snohomish Cy.,124 Wn. App. 806, 103 P.3d 836 (2004), rev'd on other grounds, 157 Wn.2d 33,134 P.3d 216 (2006). In Harvey, the Court addressed the legal obligations and liability of SNOPAC, a 911 communications center created by an interlocal cooperation agreement between several public agencies. The Court noted that when an entity is created through an interlocal agreement, the agencies entering the agreement are statutorily required to specify "`[t]he precise organization, composition and nature of any separate legal or administrative entity created thereby together with the powers delegated thereto'". Id. at 813 (quoting RCW 39.34.030(3)(b)). The entity "owes its existence and powers" to the participating public agencies. Id. When SNOPAC provided service to the public, the entity acted as the agent of the participants to the interlocal agreement. Id. The Court concluded that under RCW 39.34.030(5), "[p]ublic agencies cannot use interlocal cooperation agreements to shield themselves from their obligations and responsibilities under the law." Id. at 809.
If cities and fire districts form a nonprofit corporation pursuant to RCW 39.34.030(2), they will retain their legal responsibilities as employers under each of the three retirement systems you requested that we consider. RCW 39.34.030(5). The nonprofit entity's sole source of authority will be through a delegation of statutory authority from the parent public agencies to the nonprofit corporation. Therefore, to determine whether a nonprofit corporation created pursuant to RCW 39.34
is an employer under the retirement laws, it is necessary to consider whether the participants to the interlocal cooperation agreement have responsibilities and obligations as employers under each of the retirement systems included in your question.
1. RCW 41.26, Law Enforcement Officers' and Fire Fighters' RetirementSystem Plans 1 and 2
The Legislature enacted the Law Enforcement Officers' and Fire Fighters' (LEOFF) retirement system to fund "payment of death, disability, and retirement benefits to law enforcement officers and fire fighters," as well as to their beneficiaries. RCW 41.26.020. The[original page 4] retirement system is intended to both enable the employees "to provide for themselves and their dependents in case of disability or death" and give the employees "a system of retirement from active duty." Id.
The term "employer" is defined differently for purposes of Plan 1 and Plan 2. Under Plan 1, the term "employer" encompasses:
[T]he legislative authority of any city, town, county, or district or the elected officials of any municipal corporation that employs any law enforcement officer and/or fire fighter, any authorized association of such municipalities, and, except for the purposes of RCW 41.26.150, any labor guild, association, or organization, which represents the fire fighters or law enforcement officers of at least seven cities of over 20,000 population and the membership of each local lodge or division of which is composed of at least sixty percent law enforcement officers or fire fighters as defined in this chapter.
RCW 41.26.030(2)(a). For purposes of Plan 2, the term "employer" includes the following entities, if they employ law enforcement officers or fire fighters:
 (i) The legislative authority of any city, town, county, or district;
 (ii) The elected officials of any municipal corporation;
 (iii) The governing body of any other general authority law enforcement agency; or
 (iv) A four-year institution of higher education having a fully operational fire department as of January 1, 1996.
RCW 41.26.030(2)(b). Both definitions include cities and municipal corporations that employ fire fighters.[1] RCW 52.12.011 provides that fire protection districts are both political subdivisions of the state and municipal corporations.
[original page 5] If a nonprofit corporation is formed pursuant to RCW 39.34.030(3)(b), the nonprofit would be the agent of the cities and fire districts entering the agreement and possess the powers and authority delegated to it by the cities and fire districts. RCW 39.34.030(1), .030(3)(b). Under RCW 39.34.030(5), cities and fire districts entering an interlocal cooperation agreement are not relieved of their responsibilities as employers. As the Court of Appeals held in Harvey v. Snohomish County, an entity formed by an interlocal agreement acts on behalf of the participating public agencies and cannot shield the public agencies from their underlying legal responsibilities. Harvey,124 Wn. App. at 809. Acting as an agent, the nonprofit corporation could satisfy the LEOFF Plan 1 and Plan 2 employer obligations and responsibilities of the cities and fire districts. Harvey,124 Wn. App. at 813; RCW 39.34.030(5)(a).
If the nonprofit corporation were not treated as an eligible employer for LEOFF purposes, either (1) municipal corporations could escape their legal responsibilities to enroll fire fighter employees in the LEOFF system by forming a corporation and hiring fire fighters through the corporation, or (2) the option granted under RCW 39.34 to form a nonprofit corporation is essentially meaningless, because municipalities could not create such corporations without violating their LEOFF responsibilities. The first reading would undercut the policies underlying the LEOFF pension plan, and the second reading would seriously curtail the policies authorizing and encouraging interlocal cooperation agreements. In our opinion, the courts would read RCW 41.26
together with RCW 39.34 to conclude that a nonprofit corporation formed by cities and fire districts pursuant to an interlocal cooperation agreement, and possessing the statutory responsibilities of such cities and fire districts, would be an employer for purposes of RCW 41.26.030(2)(a).
2. RCW 41.40, Washington Public Employees' Retirement System Plans 1,2 and 3
The Washington Public Employees' Retirement System (PERS) contains three retirement plans. For purposes of PERS Plan 1, the term "employer" is defined to include:
every branch, department, agency, commission, board, and office of the state, any political subdivision or association of political subdivisions of the state admitted into the retirement system, and legal entities authorized by RCW 35.63.070 and 36.70.060 or chapter 39.34 RCW; and the term shall also include any labor guild, association, or organization the membership of a local lodge or division of which is comprised of at least forty percent employees of an employer (other than such labor guild, association, or organization) within this chapter. The term may also include any city of the first class that has its own retirement system.
[original page 6] RCW 41.40.010(4)(a). As political subdivisions of the state, cities and fire districts come within this definition if they have been "admitted into the retirement system." A city of the first class, with its own retirement system, may also be an employer. RCW 41.40.010(4)(a) also includes "legal entities authorized by . . . chapter 39.34 RCW" as employers.
"Employer" is defined differently for purposes of PERS Plans 2 and 3. RCW 41.40.010(4)(b) provides:
"Employer" for plan 2 and plan 3 members, means every branch, department, agency, commission, board, and office of the state, and any political subdivision and municipal corporation of the state admitted into the retirement system, including public agencies created pursuant to RCW 35.63.070, 36.70.060, and 39.34.030; except that after August 31, 2000, school districts and educational service districts will no longer be employers for the public employees' retirement system plan 2.
Under this definition, a city, fire district, or public agency created pursuant to RCW 39.34.030 is not a PERS Plan 2 or 3 employer unless it is admitted into the retirement system. RCW 41.40.062 provides that the local legislative authority of "the members and appointive and elective officials of any political subdivision or association of political subdivisions of the state" may elect to become members of PERS. In addition to employing fire fighters, cities and fire protection districts may have employees who do not meet the eligibility requirements for LEOFF. These public employees presumably would meet the requirements for PERS membership.[2] To the extent they do, we conclude, for reasons parallel to those discussed in connection with the LEOFF system, that a joint association of eligible "employers" or a corporation formed to carry out the duties of such a joint association would also be an eligible "employer" for purposes of the PERS law.
If a city, fire district, or nonprofit created pursuant to RCW 39.34.030 opted to become a member of the PERS system, for purposes of its role as an employer of fire fighters, it would also continue to be an employer under the LEOFF retirement system.
3. RCW 41.24, Volunteer Fire Fighters' and Reserve Officers' Reliefand Pensions Plan
The Volunteer Fire Fighter's and Reserve Officers' Relief and Pensions Plan provides, in part, that:
Every municipal corporation maintaining and operating a regularly organized fire department shall make provision by appropriate legislation for the [original page 7] enrollment of every fire fighter under the relief provisions of this chapter for the purpose of providing protection for all its fire fighters and their families from death, sickness, injury, or disability arising in the performance of their duties as fire fighters.
RCW 41.24.020(1). As used in RCW 41.24, the term "municipal corporation" includes cities and fire protection districts "authorized by law to protect life or property within its boundaries through a fire department, emergency workers, or reserve officers." RCW 41.24.010(1).
As discussed above, forming a nonprofit corporation pursuant to an interlocal cooperation agreement does not relieve cities and fire districts of their statutory responsibilities. RCW 39.34.030(5); Harvey,124 Wn. App. at 809. Pursuant to RCW 39.34.030(5)(a), the nonprofit corporation can satisfy the cities' and fire districts' legal obligations under RCW 41.24. Again, we conclude that the eligibility of the parent municipal corporations should be imputed to any nonprofit corporation formed under the Interlocal Cooperation Act, for the reasons discussed in connection with LEOFF and PERS.
We trust the foregoing will be of assistance.
Sincerely,
ROB MCKENNA Attorney General
ANNE E. EGELER Deputy Solicitor General
:pmd
[1] "Fire fighter" is defined by RCW 41.26.030(4) as:
 (a) Any person who is serving on a full time, fully compensated basis as a member of a fire department of an employer and who is serving in a position which requires passing a civil service examination for fire fighter, and who is actively employed as such;
 (b) Anyone who is actively employed as a full time fire fighter where the fire department does not have a civil service examination;
 (c) Supervisory fire fighter personnel;
 (d) Any full time executive secretary of an association of fire protection districts authorized under RCW 52.12.031. The provisions of this subsection (4)(d) shall not apply to plan 2 members;
 (e) The executive secretary of a labor guild, association or organization (which is an employer under RCW 41.26.030(2) as now or hereafter amended), if such individual has five years previous membership in a retirement system established in chapter 41.16 or 41.18 RCW. The provisions of this subsection (4)(e) shall not apply to plan 2 members;
 (f) Any person who is serving on a full time, fully compensated basis for an employer, as a fire dispatcher, in a department in which, on March 1, 1970, a dispatcher was required to have passed a civil service examination for fire fighter;
 (g) Any person who on March 1, 1970, was employed on a full time, fully compensated basis by an employer, and who on May 21, 1971, was making retirement contributions under the provisions of chapter 41.16 or 41.18 RCW; and
 (h) Any person who is employed on a full-time, fully compensated basis by an employer as an emergency medical technician.
[2] We do not attempt to analyze here which of the employees of a city or a fire district would be eligible for PERS participation. We merely observe that if an employee of a city or fire protection district would be eligible for PERS participation, the eligibility would not change if the employee were hired by a joint association of eligible employers (or a corporation created pursuant to interlocal action) rather than by one of the "parent" municipal corporations.